**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DARREN W. PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-1081-M |
| ) | |
| DIAMOND SERVICES COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case is currently set on the Court's January, 2007 trial docket.

Before the Court is "Defendant Diamond Services Company's Motion for Summary Judgment" [docket no. 26], filed June 30, 2006. On September 11, 2006, Plaintiff filed his response, and on October 12, 2006, Defendant filed its reply. This matter has been fully briefed and is now ripe for adjudication.

I    INTRODUCTION[1]

Plaintiff was hired as a foreman by Defendant in April of 2003. Plaintiff was later promoted to heavy equipment operator. While performing his duties as a heavy equipment operator, Plaintiff suffered an injury requiring him to be off work beginning on May 7, 2003. On January 12, 2004, Plaintiff was released to return to work as a crane operator, however, he was not reinstated at that time. Plaintiff was released to return to work as a heavy equipment operator with some minor restrictions on July 29, 2004. Plaintiff was still not reinstated by Defendant.

Plaintiff filed the instant action alleging that Defendant interfered with his rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601-2654, and under the Oklahoma Workers'

---

[1]The following facts are described in the light most favorable to Plaintiff. Immaterial facts or factual averments not supported by the record are omitted.

Compensation Act when it failed to reinstate him on January 12, 2004 and/or July 29, 2004. Defendant seeks summary judgment on all of Plaintiff's claims.

II.     SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *19 Solid Waste Dep't Mechanics v. City of Albequerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255; *Simms v. Oklahoma ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if, [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *See Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, a defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986), *cited in Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263 (W.D. Okla. 2005).

III.     DISCUSSION

    A.     FMLA Claim

To protect an employee's right to leave, the FMLA makes it unlawful "for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise," an employee's FMLA rights.[2]  29 U.S.C. § 2615(a)(1).  Upon return from FMLA leave, an "eligible employee" shall be "restored by the employer to the position of employment held by the employee when the leave commenced; or . . . restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."  29 U.S.C. § 2614; 29 C.F.R. § 825.104.  Where an employer fails to reinstate an employee upon return from FMLA leave, such an employer will have interfered with said employee's FMLA rights.  *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002).  However, if after 12 weeks of leave, the employee is unable to return to work, the employee is no longer entitled to the protections of the FMLA "and must look to the workers' compensation statute or ADA for any relief or protections."[3]  *See* 29 C.F.R. §825.216(d).

Plaintiff asserts that his FMLA rights were interfered with when Defendant failed to reinstate him to his position as a heavy equipment operator upon Plaintiff's release on January 12, 2004

---

[2] Plaintiff "affirmatively represent[s] that his FMLA claims are limited to those of the 'interference/entitlement' variety."  Plaintiff's Response at n.2

[3] The Court is aware that there are circumstances in which an eligible employee may conceivably take up to twenty-four consecutive weeks of FMLA leave.  However, none of these circumstances are relevant to the case at bar.

and/or on July 29, 2004. In order for Plaintiff to establish Defendant's liability under the FMLA, Plaintiff must show, *inter alia*, that he was an eligible employee and entitled to FMLA leave. *See Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1319 (10th Cir. 2005). Defendant contends that Plaintiff cannot satisfy this requirement.

The FMLA defines "eligible employee" as "an employee who has been employed . . . for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2). "The determination[] of whether an employee has worked for the employer for at least 1,250 hours in the past 12 months . . . must be made as of the date leave commences," 29 C.F.R. § 825.110(d), for each 12-month period during which leave is sought, *see* 29 U.S.C. § 2612(a)(1); *accord* 29 C.F.R. § 825.200(a); *see Barron v. Runyon*, 11 F. Supp. 2d 676, 683 (E.D. Va. 1998). Eligible employees are entitled to up to 12 weeks of leave during any 12-month period because of, among other things, "a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Harbert v. Healthcare Servs. Group, Inc.*, 391 F.3d 1140, 1147 (10th Cir. 2004). However, "leave cannot be taken 'forever' on the basis of one leave request. Instead, the statute grants an employee twelve weeks of leave per twelve-month period, not indefinitely. Any eligibility determination made on the date leave commences, then, can apply only to the twelve weeks the employee plans to take within the current twelve-month period." *Barron*, 11 F. Supp. 2d at 683.

According to FMLA regulations,

> An employer is permitted to choose any one of the following methods for determining the "12-month period" in which the 12 weeks of leave entitlement occurs:
>
> (1)   The calendar year;

4

>   (2)   Any fixed 12-month "leave year," such as a fiscal year, a year required by State law, or a year starting on an employee's "anniversary" date;[4]
>
>   (3)   The 12-month period measured forward from the date any employee's first FMLA leave begins; or,
>
>   (4)   A "rolling" 12-month period measured backward from the date an employee uses any FMLA leave (except that such measure may not extend back before August 5, 1993).

29 C.F.R. § 825.200(b). "If an employer fails to select one of the delineated options, the option that provides the most beneficial outcome for the employee will be used." 29 C.F.R. § 825.200(e). It is undisputed that Defendant did not select any of the delineated options. As such, in determining whether Defendant is entitled to summary judgment the court must use the most beneficial option. However, as discussed below, the Court finds that Plaintiff was not entitled to reinstatement on either January 12, 2004 or July 29, 2004 using any of the delineated options.

Under either the calendar year option delineated in section 825.200(b)(1), or the fiscal year option under section 825.200(b)(2),[5] Plaintiff was entitled to twelve weeks of FMLA leave for each calendar year, if Plaintiff worked 1,250 hours during the twelve months preceding the leave. Defendant concedes that Plaintiff worked the required 1,250 hours for the 12-month period preceding Plaintiff's leave on May 7, 2003. Accordingly, Plaintiff was entitled to 12-weeks of leave during 2003, which he took.[6] In order for Plaintiff to be eligible for any additional FMLA leave

---

[4]Neither Plaintiff nor Defendant asserts that Defendant has established a predetermined leave year, or that Oklahoma requires a particular leave year. As such, when determining Plaintiff's FMLA eligibility using this option, the Court will only measure the twelve-month period using Defendant's fiscal year and Plaintiff's anniversary date.

[5]Defendant's fiscal year coincides with the calendar year.

[6]It is undisputed that Plaintiff was an eligible employee within the meaning of the FMLA as of May 7, 2003 and that Plaintiff's remained on continuous leave from that date forward. It is also

during 2004, Plaintiff would have had to work an additional 1,250 hours during the twelve months preceding the leave. As such, Plaintiff would have had to work 1,250 hours between January 1, 2003 and December 31, 2003. It is undisputed that Plaintiff worked an average of 51 hours per week. As such, between January 1, 2003 and May 6, 2003, Plaintiff's last day of work, Plaintiff worked approximately 912 hours, far short of the 1,250 hours required. Therefore, using either of these options, the Court finds that Plaintiff was not an eligible employee entitled to FMLA leave as of January 1, 2004 and, thus, was not entitled to reinstatement on January 12, 2004 or July 29, 2004.

Under the employee anniversary date option delineated in section 825.200(b)(2), using Plaintiff's anniversary date of approximately April 1, Plaintiff was entitled to twelve weeks of FMLA leave for each twelve-month period beginning on roughly April 1 of one year and ending May 31 of the next year, if Plaintiff worked 1,250 hours during the twelve months preceding the date on which the leave commenced. Accordingly, Plaintiff was entitled to 12 weeks of leave during the twelve-month period beginning on April 1, 2003 and ending on May 31, 2004, if Plaintiff worked 1,250 hours during the twelve-month period prior to the date on which Plaintiff's leave commenced. Defendant concedes that Plaintiff worked the requisite number of hours but contends that because Plaintiff received the twelve weeks of leave to which he was entitled for that period, and that because Plaintiff did not return to work at the end of 12 weeks or by July 30, 2003, Plaintiff was no longer entitled to the protections of the FMLA and, thus, not entitled to be reinstated upon being released on either January 12, 2004 or July 29, 2004.

It is undisputed that Plaintiff was on continuous leave beginning May 7, 2003. As such, Plaintiff would have had to return to work twelve weeks from that date, or on July 30, 2003, in order

---

undisputed that Plaintiff did not return to work 12 weeks later, or on July 30, 2003.

to be entitled to reinstatement under the FMLA. It is undisputed that Plaintiff did not return to work at that time. As such, the Court finds that Plaintiff was no longer entitled to the protections of the FMLA as of July 30, 2003, and that, as such, Plaintiff was not entitled to reinstatement under the FMLA on either January 12, 2004 or July 29, 2004.[7] The Court further finds the same result is reached using the methods delineated in (b)(3) and (b)(4).

Accordingly, because the Court has found that Plaintiff was not entitled to reinstatement under the FMLA on either January 12, 2004 or July 29, 2004, the Court finds that Defendant is entitled to summary judgment as to Plaintiff's FMLA claim.

### B. State Law Claims

Because the Court has found that Defendant is entitled to summary judgment as to Plaintiff's FMLA claim, there are no federal claims remaining in the case at bar. Accordingly, the Court, in its discretion pursuant to 28 U.S.C. § 1367(c), declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and finds that such claims should be dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth in detail above, the Court finds that "Defendant Diamond Services Company's Motion for Summary Judgment" [docket no. 26] should be, and hereby is, GRANTED as to Plaintiff's FMLA claim. With respect to Plaintiff's state law claims, the Court DECLINES to exercise supplemental jurisdiction over those claims and hereby DISMISSES them without

---

[7]Plaintiff would have been entitled to additional FMLA leave commencing on April 1, 2004, if Plaintiff had worked 1,250 hours during the previous 12-month period or from April 1, 2003 to May 31, 2004. Plaintiff worked roughly 255 hours during this period and, therefore, was not eligible for additional FMLA leave beginning April 1, 2004.

prejudice.  This Order effectively terminates this action.

**IT IS SO ORDERED this 4th day of December, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE